## (September 22, 1975)

◼ ARLENE 304 REALTY CORP., Respondent, v EDITH CRAIG et al., Appellants.—In an action for a declaratory judgment and injunctive relief, defendants appeal from a judgment of the Supreme Court, Rockland County, entered February 21, 1975, which declared, *inter alia,* that plaintiff was not in default in the payment of additional rent, equal to certain increased taxes. Judgment modified, on the law, by striking from subparagraph "2" thereof the words "State, county, town, and" and by adding thereto the following sentence: "The tenant shall also pay to the landlord the additional county and town taxes required under the lease within a reasonable time, not to exceed 30 days, after receiving written notice from the landlord of the amount thereof." As so modified, judgment affirmed, without costs. On March 20, 1961, defendant Craig leased to plaintiff for 21 years approximately 10 acres of vacant land in Rockland County at a specified rental and with the right to plaintiff to renew for a single 21-year term. The lease provided that on the first day of January of each year the tenant shall pay the landlord, as additional rent, the amount, if any, by which real estate taxes against the premises would exceed the amount of such taxes during the year 1960. In Rockland County, school taxes are imposed annually on September 1 for the school year ending August 31 of the following year. The county and town taxes are imposed annually on January 1 for the calendar year ending the next December 31. All taxes are due and payable in full when imposed. Since the lease was executed on March 20, 1961, the landlord was responsible for, and presumably paid, the school taxes for the 1960-1961 school year, levied September 1, 1960, as well as the county and town taxes for the calendar year 1961, levied January 1, 1961. We agree with the trial court that it would be unreasonable to conclude that the landlord intended to waive reimbursement for additional school taxes imposed during the first year of the lease. This means that the additional rent payable January 1, 1962 included the school tax imposed September 1, 1961. In other words, the additional rent payable January 1 of each year includes the school tax imposed on the *preceding* September 1 and not, as the landlord contends, on the following September 1. The balance of the additional rent payable each January 1 relates, in our opinion, to the county and town taxes imposed for the then current calendar year and not, as the learned Special Term Justice held, for the preceding calendar year. Since

the tenant does not receive the tax bills, it could not know, unless notified, how much additional rent it had to pay. The custom of the parties for some 13 years had been for the landlord to separately notify the tenant of the amount of additional rent due with respect to the school taxes and with respect to the county and town taxes. After receiving such notice, the tenant paid the excess amount of the school tax on or before January 1 and the excess amount of the county and town tax within a reasonable time after the landlord had notified it of the amount due. To illustrate, the landlord paid the 1973-1974 school taxes on September 27, 1973 and, in the latter part of October, 1973, advised the tenant of its share thereof. The tenant paid this amount on December 5, 1973. On January 7, 1974 the landlord advised the tenant of its share of the 1974 county and town taxes and, on January 31, 1974, the tenant forwarded this amount to the landlord. Gulotta, P. J., Rabin, Martuscello, Latham and Shapiro, JJ., concur.